IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHRISTOPHER L. LINDSAY,
    Plaintiff,

vs.                                    Case No. 5:07cv150/MCR/MD

JAMES MCDONOUGH, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1).  Leave to proceed *in forma pauperis* was granted (doc. 6), and plaintiff has paid the initial partial filing fee (doc. 8).  Upon review of the complaint, the court concludes that plaintiff has failed to properly exhaust his administrative remedies, and that dismissal of this case is warranted.

Because plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  In determining whether a complaint should be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, Rule 12(b)(6) standards apply, since the language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1487 (11th Cir. 1997).  That standard requires the court to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light

most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint is also subject to dismissal for failure to state a claim when its allegations--on their face--show that an affirmative defense bars recovery on the claim.  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, --- U.S. ---, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007) (dicta) (noting that "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. . . .").

Plaintiff is currently incarcerated at Franklin Correctional Institution.  He was incarcerated at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to this complaint.  Named as defendants are James McDonough, Secretary of the Florida Department of Corrections ("DOC"); Alex Taylor, Senior Chaplain of the DOC; and Robert Jones, Chaplain at Santa Rosa CI. (Doc. 1, pp. 1-2).  Plaintiff, who is of the Wiccan faith, claims that his rights under the First Amendment were violated when he was denied an 84-card deck of Tarot cards and companion guidebook on the grounds that the DOC Religious Technical Guide authorizes only a 78-card deck.  As relief, plaintiff seeks unspecified injunctive and monetary relief.

Title 42 U.S.C. § 1997e provides in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §

1997e(a).[1]  Exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit.  *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").  The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  *Porter v. Nussle*, 534 U.S. at 524, 122 S.Ct. 983.  Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.  *Booth, supra* at 734, 121 S.Ct. at 1825.  The requirement is not subject to either waiver by a court or futility or inadequacy exceptions.  *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).  Moreover, as the United States Supreme Court recently held, the PLRA requires "proper exhaustion," so that the agency addresses the issues on the merits.  *Woodford v. Ngo*, --- U.S. ---, 126 S.Ct. 2378, 2387-88, 165 L.Ed.2d 368 (2006); *see also* 126 S.Ct. at 2388.  "Proper exhaustion

---

[1]The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).  In *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:

  (1) to avoid premature interruption of the administrative process;
  (2) to let the agency develop the necessary factual background upon which decisions should be based;
  (3) to permit the agency to exercise its discretion or apply its expertise;
  (4) to improve the efficiency of the administrative process;
  (5) to conserve scarce judicial resources;
  (6) to give the agency a chance to discover and correct its own errors; and
  (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* at 1327 (quoting *Kobleur v. Group Hospitalization and Med. Servs., Inc.*, 954 F.2d 705, 712 (11th Cir. 1992)).

Case No: 5:07cv150/MCR/MD

demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without some orderly structure on the course of its proceedings." *Id.* at 2386.  Thus, "a prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 2384.

Generally, the DOC provides a three-level administrative grievance procedure for prisoner complaints.  To initiate the process, an inmate must submit an informal grievance.  *See* FLA. ADMIN. CODE r. 33-103.005.  If dissatisfied with the response, the prisoner may submit a formal grievance.  FLA. ADMIN. CODE r. 33-103.006.  If dissatisfied with that response, the prisoner may submit an appeal to the Office of the Secretary.  FLA. ADMIN. CODE r. 33-103.007(1).  The grievance appeal must be <u>received</u> by the Office of the Secretary "within 15 calendar days from the date of the response to the formal grievance."  FLA. ADMIN. CODE r. 33-103.011(1)(c).  DOC rules provide that when determining the time frames for grievances in all cases, the specified time frame "shall commence on the day following the date of the incident or response to the grievance at the previous level."  FLA. ADMIN. CODE r. 33-103.011.  The rules also provide for extensions of time to the filing deadlines "when it is clearly demonstrated by the inmate to the satisfaction of the reviewing authority . . . that it was not feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner."  FLA. ADMIN. CODE r. 33-103.011(2).

In the instant case, plaintiff admits that his appeal to the Office of the Secretary was returned without action as untimely.  (Doc. 1, p. 12).  His allegations and attachments within the complaint establish that the response to plaintiff's formal grievance was dated September 20, 2006.[2]  Thus, in order to be timely, plaintiff's

---

[2]The court may consider documents attached to the complaint or directly referenced in the complaint as part of the complaint.  *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368-69 (11th Cir. 1997); *Solis-Ramirez v. United States Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) ("[A]ttachments [to the complaint] are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion."); FED.R.CIV.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all

**appeal had to be <u>received</u> by the Office of the Secretary on or before October 5, 2006.  *See* FLA. ADMIN. CODE r. 33-103.011(1)(c).  Plaintiff waited until that date to submit his appeal to the institution for mailing, and he did not request an extension of time.[3]  The appeal was received by the Office of the Secretary on October 12, 2006. The response to plaintiff's appeal states: "Your request for administrative appeal has been received in non-compliance with Chapter 33-103 which state," 'Appeals must be received in the Office of the Secretary within 15 calendar days of the institutional response.'  Therefore, your grievance is being returned without action." Thus, taking the allegations of the complaint and attachments as true and construing them in the light most favorable to plaintiff, they establish that he failed to fully and properly exhaust his available administrative remedies with respect to his claims.**

       **Accordingly, it is respectfully RECOMMENDED:**

       **That this cause be DISMISSED without prejudice under 28 U.S.C. §1915(e)(2)(B)(ii), and the clerk be directed to close the file.**

       **At Pensacola, Florida, this 31st day of October, 2007.**

       /s/ *Miles Davis*
       **MILES DAVIS**
       **UNITED STATES MAGISTRATE JUDGE**

---

**purposes.").**

  [3]**Plaintiff argues that his appeal was timely because he "filed" it on October 5, 2006, and it was not his fault that the Secretary did not receive it until one week later.  However, even assuming (without deciding) that this court may review the propriety of the DOC's finding of untimeliness, plaintiff's argument is unavailing for two reasons.  First, the attachments to the complaint establish that although plaintiff <u>dated</u> his appeal October 5, 2006, he did not submit it to the institution for mailing until October 11, 2006. (Doc. 1, Attach.).  Thus, plaintiff did not submit his appeal until after the 15-day deadline expired.  *See Wydler v. Bank of America, N.A.*, 360 F.Supp.2d 1302, 1306 n. 1 (S.D. Fla. 2005) (citations omitted) ("where there is a conflict between allegations in a pleading and exhibits thereto, the exhibits control"); *Wilbesan Charter Sch., Inc. v. School Bd. of Hillsborough County*, 447 F.Supp.2d 1292, 1302 (M.D. Fla. 2006) (same).  Furthermore, even finding in plaintiff's favor that he submitted the appeal for mailing on October 5, 2006, the appeal is still untimely because it must have been <u>received by the Office of the Secretary</u> on that date. Thus, plaintiff cannot genuinely argue that he submitted his appeal to the institution for mailing in sufficient time for it to be received by the Office of the Secretary by the October 5, 2006 deadline.**

*Case No: 5:07cv150/MCR/MD*

*Page 6 of  6*

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:07cv150/MCR/MD*